[Cite as *State v. Daniel*, 2016-Ohio-5446.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | Hon. W. Scott Gwin, J.<br>Hon. William B. Hoffman, J. |
| -vs- | |
| | Case No. CT2015-0036 |
| TIMOTHY DANIEL | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:       Appeal from the Muskingum County Court
                               of Common Pleas, Case No. CR2013-0251

JUDGMENT:                      Affirmed

DATE OF JUDGMENT ENTRY:        August 17, 2016

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

D. MICHAEL HADDOX                         ERIC J. ALLEN
Prosecuting Attorney                      The Law Office of Eric J. Allen, Ltd.
Muskingum County, Ohio                    713 S. Front St.
                                          Columbus, Ohio 43206
By: GERALD V. ANDERSON II
Assistant Prosecuting Attorney
Muskingum County, Ohio
27 North Fifth St., P.O. Box 189
Zanesville, Ohio 43702-0189

*Hoffman, J.*

{¶1} Defendant-appellant Timothy Daniel appeals his sentence entered by the Muskingum County Court of Common Pleas via Judgment Entry of May 22, 2015, and nunc pro tunc Judgment Entry of June 8, 2015. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE CASE[1]

{¶2} On January 14, 2014, Appellant was found guilty by a jury of one count of aggravated murder, one count of having weapons under disability, one count of felonious assault, one count of carrying a concealed weapon, and one count of improper handling of a firearm. On February 3, 2014, the trial court imposed sentence. Appellant filed a direct appeal to this Court in *State v. Daniel*, Muskingum App. No. CT 2014-0018, 2014-Ohio-4274.

{¶3} Via Opinion and Judgment Entry of September 25, 2014, this Court reversed Appellant's conviction for aggravated murder, rendered judgment of conviction as to murder, in violation of R.C. 2903.02(A), and remanded the matter to the trial court for resentencing. Id.

{¶4} The trial court conducted a resentencing hearing on May 13, 2015, and entered a Judgment Entry of sentence on May 22, 2015. The trial court entered a nunc pro tunc entry on June 8, 2015.[2]

---

[1] A rendition of the underlying facts is unnecessary for resolution of this appeal.

[2] At the May 13, 2015 hearing, the trial court stated, "That is the only change that is being made [aggravated murder to murder]. Everything else will remain the same. The gun specs, the consecutive sentences, which the Court of Appeals said they are not allied offenses or similar and, therefore, the consecutive was appropriate." Tr. at 6.

{¶5} The trial court sentenced Appellant to a stated prison term of fifteen years to life on Count One, Murder, with a firearm specification, including a mandatory term of three years in prison, which by law must be served consecutively;

{¶6} On Count Two, Having a Weapon While Under Disability, the trial court imposed a stated prison term of three years;

{¶7} On Count Three, Felonious Assault, the trial court imposed a stated term of eight years in prison, with a firearm specification, including a three year mandatory term of incarceration, which by law must be served consecutively;

{¶8} On Count Four, Carrying a Concealed Weapon, the trial court imposed a stated prison term of eighteen months;

{¶9} On Count Five, Improper Handling of a Firearm, the trial court imposed a stated prison term of eighteen months.

{¶10} The trial court's May 22, 2015 Re-Sentencing Entry states,

The Court has considered the record, the presentence investigation, and any victim impact statement, as well as, the principles and purposes of sentencing under Ohio Revised Code 2929.11 and its balance of seriousness and recidivism factors under Ohio Revised Code 2929.12***

The Court had previously made judicial finding [sic] that Defendant has a significant criminal history; had tried to employ witnesses to give perjured testimony; has shown no remorse for his actions; and that it is necessary to protect the public.

***

The periods of incarceration imposed for Counts Two, Four and Five shall be served concurrently; Count Three shall be served consecutively, along with the mandatory terms for the Firearm Specifications, for an aggregate prison sentence of twenty-nine (29) years to life in prison. Defendant is granted credit for time served; he shall pay the costs of this prosecution.  [Underlining omitted.]

**{¶11}** Appellant appeals, assigning as error,

**{¶12}** "I. THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO CONSECUTIVE SENTENCES AS THE COURT FAILED TO ENGAGE IN THE REQUISITE THREE PART ANALYSIS REQUIRED TO SENTENCE A DEFENDANT TO CONSECUTIVE SENTENCES BY FAILING TO FIND THAT ANY OF THE THREE FACTORS LISTED IN 2929.14(C)(4)(a)-(c) APPLIED."

**{¶13}** R.C. 2929.14(C)(4)(a)-(c) reads, in pertinent part:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction

imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶14} In *State v. Bonnell,* 140 Ohio St.3d 209, 16 N.E.3d 659, 2014–Ohio–3177, syllabus, the Supreme Court of Ohio held in order to impose consecutive sentences, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings. A failure to make the findings required by R.C. 2929.14(C)(4) renders a consecutive sentence contrary to law. *Bonnell,* ¶ 34. Although the findings are to be made at the sentencing hearing and incorporated into the sentencing entry, a trial court's inadvertent failure to incorporate the statutory findings in the sentencing entry after properly making those findings at the sentencing hearing does not render the sentence contrary to law; rather, such a clerical mistake may be corrected by the court through a nunc pro tunc entry to reflect what actually occurred in open court. *Bonnell,* ¶ 30.

**{¶15}** At the sentencing hearing on May 13, 2015, the trial court stated on the record,

> The Court, also, would tell you, you're a very lucky person. You beat a murder trial in Franklin County which you shouldn't have, according to that judge and his opinion sentencing you. You now have a life without parole reduced to 15 to life, but you still have a very substantial sentence. You're a danger to society. That's why you gave -- were given consecutive sentences to begin with.

**{¶16}** Tr. at 6.

**{¶17}** Here, Appellant concedes in his argument "the first two steps, finding consecutive sentences are necessary to protect the public from future crime or to punish the offender, as well as, finding that consecutive sentences are not disproportionate to the seriousness of the conduct and the danger posed to the public [R.C. 2929.14(C)(4)], are evidence [sic] in the sentencing colloquy by the trial court in this case." However, Appellant argues the trial court failed to complete the third step required by the statute to justify consecutive sentences in finding one of the three factors set forth in R.C. 2929.14(C)(4)(a)-(c).

**{¶18}** The statute requires the trial court find one of the following: (a) Appellant committed one or more of the offenses while awaiting trial, sentencing, under a sanction or under post-release control for a prior offense; (b) at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the offenses adequately reflects the serious of Appellant's conduct; (c), or Appellant's criminal

conduct history demonstrates consecutive sentences are necessary to protect the public from future crime.

{¶19} At the May 13, 2015 sentencing hearing, the trial court referenced Appellant's prior history of criminal conduct, including a trial in Franklin County for which Appellant was acquitted of the charge of murder. The Franklin County trial is referenced in the presentence investigation prepared for the trial court, and the presentence investigation includes the language of the Franklin County trial court referenced by the trial court herein at sentencing.

{¶20} Upon this Court's review of the PSI, we note Appellant has a lengthy history of criminal conduct including convictions for burglary, corruption of a minor, possession of marijuana and aggravated assault. The trial court's statement to Appellant prior to imposing sentence references the statements made by the Franklin County trial court during Appellant's sentencing on other criminal charges.

{¶21} Appellant disputes the trial court's mention of Appellant's Franklin County case. However, we find Appellant's criminal history, which criminal history was specifically referenced by the trial court, supports the trial court's finding Appellant posed a danger to society due to his past criminal history. The trial court adequately finds Appellant's criminal conduct history demonstrates consecutive sentences are necessary to protect the public from future crime as required by R.C. 2929.14(C)(4)(c).

{¶22} The trial court's sentencing entry states the court considered the record and the presentence investigation finding Appellant had a significant criminal history, showing no remorse for his actions, and consecutive sentencing is necessary to protect the public.

**{¶23}**  Appellant's sole assignment of error is overruled, and Appellant's sentence in the Muskingum County Court of Common Pleas is affirmed.

By: Hoffman, J.

Farmer, P.J.  and

Gwin, J. concur