[Cite as *State v. Wicker*, 2016-Ohio-7311.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. CT2016-0005 |
| | : | |
| DOMINIC D.M. WICKER | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Muskingum County
                                  Court of Common Pleas, Case No.
                                  CR2015-0257

JUDGMENT:                         AFFIRMED

DATE OF JUDGMENT ENTRY:           October 6, 2016

APPEARANCES:

For Plaintiff-Appellee:                    For Defendant-Appellant:

D. MICHAEL HADDOX                          DAVID A. SAMS
MUSKINGUM COUNTY PROSECUTOR                Box 40
                                           West Jefferson, OH 43612
GERALD V. ANDERSON II
27 North Fifth St., P.O. Box 189
Zanesville, OH 43702-0189

*Delaney, J.*

{¶1} Defendant-Appellant Dominic D.M. Wicker appeals his January 6, 2016 sentence by the Muskingum County Court of Common Pleas. Plaintiff-Appellee is the State of Ohio.

## FACTS AND PROCEDURAL HISTORY

{¶2} The underlying facts are unnecessary for the disposition of this appeal.

{¶3} On January 6, 2016, Defendant-Appellant Dominic D.M. Wicker entered a plea of guilty to one count of aggravated burglary with a firearm specification, a first degree felony in violation of R.C. 2911.11(A)(2) and 2941.141; theft, a first degree misdemeanor in violation of R.C. 2913.02(A)(1); and escape, a second degree felony in violation of R.C. 2921.34(A)(1). The trial court sentenced Wicker to a mandatory prison term of six years for aggravated burglary and one year for the firearm specification, to be served consecutively. The prison terms for theft and escape were to be served concurrently, so that Wicker was sentenced to an aggregate prison term of seven years.

{¶4} Wicker filed a direct appeal of his sentence.

## ASSIGNMENT OF ERROR

{¶5} Wicker raises one Assignment of Error:

{¶6} "DEFENDANT-APPELLANT WAS IMPROPERLY SENTENCED CONSECUTIVELY FOR AGGRAVATED BURGLARY AND AN ACCOMPANYING GUN SPECIFICATION IN THE ABSENCE OF FINDINGS REQUIRED BY R.C. 2929.14(C)(4)."

**ANALYSIS**

{¶7}   Wicker argues the trial court erred because it failed to make the findings required by R.C. 2929.14(C)(4) at the sentencing hearing before it imposed a consecutive sentence. We disagree.

{¶8}   In *State v. Bonnell*, 140 Ohio St.3d 209, 16 N.E.3d 659, 2014–Ohio–3177, syllabus, the Supreme Court of Ohio held that in order to impose consecutive sentences, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings. *State v. Daniel*, 5th Dist. Muskingum No. CT2015-0036, 2016-Ohio-5446, ¶ 14. A failure to make the findings required by R.C. 2929.14(C)(4) renders a consecutive sentence contrary to law. *Bonnell* at ¶ 34.

{¶9}   In the present case, Wicker pleaded guilty to aggravated burglary with a firearm specification. R.C. 2929.14(B)(1)(a)(iii) instructs the trial court as to the prison term if there is a firearm specification:

> Except as provided in division (B)(1)(e) of this section, if an offender who is convicted of or pleads guilty to a felony also is convicted of or pleads guilty to a specification of the type described in section 2941.141, 2941.144, or 2941.145 of the Revised Code, the court shall impose on the offender one of the following prison terms:
>
> * * *
>
> A prison term of one year if the specification is of the type described in section 2941.141 of the Revised Code that charges the offender with having

a firearm on or about the offender's person or under the offender's control while committing the felony.

{¶10} R.C. 2929.14(C)(1)(a) directs the trial court as to sentencing if a mandatory prison term was imposed pursuant to R.C. 2929.14(B)(1)(a):

Subject to division (C)(1)(b) of this section, if a mandatory prison term is imposed upon an offender pursuant to division (B)(1)(a) of this section for having a firearm on or about the offender's person or under the offender's control while committing a felony, * * * the offender shall serve any mandatory prison term imposed under either division consecutively to any other mandatory prison term imposed under either division or under division (B)(1)(d) of this section, consecutively to and prior to any prison term imposed for the underlying felony pursuant to division (A), (B)(2), or (B)(3) of this section or any other section of the Revised Code, and consecutively to any other prison term or mandatory prison term previously or subsequently imposed upon the offender.

{¶11} The trial court sentenced Wicker to a six year prison term for aggravated burglary in violation of R.C. 2911.11(A)(2). A six year prison term is within the statutory guidelines for a felony of the first degree. R.C. 2929.14(A)(1). Wicker also pleaded guilty and was convicted of a firearm specification. Pursuant to R.C. 2929.14(B)(1)(a), the trial court was required to sentence Wicker to a mandatory prison of one year based on the firearm specification. The mandatory one year prison term was required to be served consecutively to any other prison term pursuant to R.C. 2929.14(C)(1)(a).

{¶12} Based on the above statutory guidelines, we find the trial court was not required to make findings required by R.C. 2929.14(C)(4) before imposing a consecutive sentence for aggravated burglary with a firearm specification.

{¶13} Wicker's sole Assignment of Error is overruled.

## CONCLUSION

{¶14} The judgment of the Muskingum County Court of Common Pleas is affirmed.

By: Delaney, J.,

Hoffman, P.J. and

Wise, J., concur.