[Cite as *State v. Ervin*, 2018-Ohio-1359.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

|  |  |  |  |
|---|---|---|---|
| STATE OF OHIO, | : | | |
| Plaintiff-Appellee, | : | CASE NO. CA2017-06-084 | |
| | : | O P I N I O N | |
| - vs - | | 4/9/2018 | |
| | : | | |
| JODY ERVIN, | : | | |
| Defendant-Appellant. | : | | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2009-12-2008

Michael T. Gmoser, Butler County Prosecuting Attorney, Michael Greer, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Neal D. Schuett, 121 West High Street, Oxford, Ohio 45056, for defendant-appellant

**HENDRICKSON, J.**

{¶ 1} Defendant-appellant, Jody Ervin, appeals from the decision of the Butler County Court of Common Pleas resentencing her on two counts of complicity to felonious assault upon remand from this court's decision in *State v. Ervin*, 12th Dist. Butler No. CA2016-04-079, 2017-Ohio-1491 (hereafter, "*Ervin I*"). For the reasons set forth below, we affirm Ervin's sentence.

{¶ 2} In December 2009, Ervin was indicted on two counts of complicity to

aggravated robbery in violation of R.C. 2923.03(A)(2) and 2911.01(A)(1), felonies of the first degree (counts eight and nine), and three counts of complicity to felonious assault in violation of R.C. 2929.03(A)(2) and 2903.11(A)(2), felonies of the second degree (counts ten, eleven, and twelve). Each count was accompanied by a firearm specification, as set forth in R.C. 2941.145.

{¶ 3} In February 2010, following plea negotiations, Ervin entered a guilty plea to two counts of complicity to felonious assault (counts eleven and twelve). She also pled guilty to the firearm specification attached to count eleven. The firearm specification attached to count twelve was dismissed, as were counts eight, nine, and ten. Ervin was sentenced to a three-year prison term for the firearm specification accompanying count eleven and to five years on community control on the complicity to felonious assault charges. The community control sanction was ordered to be served consecutively to the three-year prison term on the firearm specification. Ervin did not directly appeal her conviction or sentence.

{¶ 4} In December 2012, Ervin completed her prison sentence on the firearm specification, was released from prison, and began to serve her five-year community control sanction. Ervin violated her community control in July 2015, but the trial court continued her community control. In February 2016, Ervin again violated her community control. In an entry dated March 24, 2016, the trial court found Ervin was no longer amenable to community control and imposed 36 months in prison on each count of complicity to felonious assault. The 36-month prison terms were ordered to be served consecutively to one another, for an aggregate prison term of 72 months.

{¶ 5} Ervin appealed her sentence, and this court reversed after concluding that Ervin's 2010 community control sentence was void as the trial court lacked the statutory authority to order Ervin to serve community control sanctions consecutive to the completion of her prison sentence. *See Ervin I*, 2017-Ohio-1491 at ¶ 12-23. We stated, in relevant part,

- 2 -

that

> because there is no statutory authority for the imposition of community control sanctions to be served consecutive to, or following the completion of, a prison term or jail term or other sentence of imprisonment, the trial court was without authority to impose the same. The community control sanctions are therefore void and must be vacated.
>
> In light of the foregoing, Ervin's community control sanctions on the complicity charges and the trial court's sentencing decision on violation of community control are vacated, and the case is remanded for resentencing on those counts alone. Ervin's guilt on those counts is otherwise undisturbed. *Furthermore, our decision does not disturb the conviction and sentence related to the gun specification for which Ervin has already served three years.*

(Emphasis added.) *Id.* at ¶ 23-24.

{¶ 6} After the case was remanded, Ervin filed a motion to dismiss counts eleven and twelve on the basis that the trial court lacked jurisdiction to impose a sentence on the convictions as she had already served her prison term on the firearm specification. She further argued resentencing on the complicity to felonious assault charges violated her right against double jeopardy. On May 22, 2017, Ervin appeared before the trial court for resentencing. At this time, she argued the merits of her motion to dismiss. The trial court denied her motion and resentenced her to four years in prison on count eleven and four years in prison on count twelve.[1] The court ordered that the sentence on count twelve be served concurrently with the sentence on count eleven, for a total of four years.

{¶ 7} Ervin timely appealed her sentence, raising two assignments of error.

{¶ 8} Assignment of Error No. 1:

{¶ 9} THE TRIAL COURT ERRED TO APPELLANT'S PREJUDICE BY IMPOSING A

---

1. Although the trial court orally denied Ervin's motion to dismiss at the resentencing hearing, it did not journalize an entry denying the motion. While a trial court speaks only through its journal entries, it is well established that "an appellate court may presume a trial court overruled a motion when a trial court fails to rule on a motion." *State v. Rivera*, 12th Dist. Butler No. CA2008-12-308, 2010-Ohio-323, ¶ 10, fn. 1, citing *State v. Chamberlain*, 12th Dist. Madison No. CA99-01-003, 2000 Ohio App. LEXIS 263, * 7 (Jan. 31, 2000).

PRISON SENTENCE THAT WAS CONTRARY TO LAW.

{¶ 10} In her first assignment of error, Ervin challenges her sentence. She argues that she had a legitimate expectation of finality in her original prison sentence and that resentencing her to prison after the consecutive community control sanction was found to be void was "contrary to Ohio law and United States law."

{¶ 11} Felony sentences are reviewed under R.C. 2953.08(G)(2). *State v. Marcum,* 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1; *State v. Crawford,* 12th Dist. Clermont No. CA2012-12-088, 2013-Ohio-3315, ¶ 6. Pursuant to that statute, an appellate court does not review the sentencing court's decision for an abuse of discretion. *Marcum* at ¶ 10. Rather, R.C. 2953.08(G)(2) compels an appellate court to modify or vacate a sentence only if the appellate court finds by clear and convincing evidence that "the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *Id.* at ¶ 1. A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range." *State v. Ahlers,* 12th Dist. Butler No. CA2015-06-100, 2016-Ohio-2890, ¶ 8; *State v. Julious*, 12th Dist. Butler No. CA2015-12-224, 2016-Ohio-4822, ¶ 8. Thus, this court may "increase, reduce, or otherwise modify a sentence only when it clearly and convincingly finds that the sentence is (1) contrary to law or (2) unsupported by the record." *State v. Brandenburg,* 146 Ohio St.3d 221, 2016-Ohio-2970, ¶ 1, citing *Marcum* at ¶ 7.

{¶ 12} The Ohio Supreme Court has recognized that "[i]f a judge imposes a sentence that is unauthorized by law, the sentence is unlawful * * * [and] [i]f an act is *unlawful,* * * * it is wholly unauthorized and void." (Emphasis sic.) *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, ¶ 21. *See also State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, ¶

20 ("any attempt by a court to disregard statutory requirements when imposing a sentence renders the attempted sentence a nullity or void"). A sentence that is null and void must be vacated, and "[t]he effect of vacating the sentence places the parties in the same position they would have been in had there been no sentence." *Simpkins* at ¶ 22, citing *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, ¶ 13. However, a court "retains jurisdiction to correct a void sentence and is authorized to do so." *Id.* at ¶ 23, citing *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, ¶ 19.

{¶ 13} In Ervin's prior appeal, we determined that the community control sanctions imposed on counts eleven and twelve were void as no sentencing statute authorized the trial court to impose community control sanctions consecutive to a prison sentence. *Ervin I*, 2017-Ohio-1491 at ¶ 23.[2] When we vacated Ervin's void sentences, Ervin was placed in the same position she would have been in had no sentence been imposed on the complicity convictions set forth in counts eleven and twelve. *See Simpkins* at ¶ 22. The trial court retained jurisdiction to resentence her on those counts, and pursuant to our remand instructions, sentenced her accordingly on May 22, 2017.

{¶ 14} Citing the Ohio Supreme Court's decision in *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, Ervin argues that once her valid prison sanction for the firearm specification was served, the trial court lost jurisdiction to modify her sentence. She

---

2. The Ohio Supreme Court recently released *State v. Paige*, Slip Opinion No. 2018-Ohio-813, wherein the court recognized that a trial court may lawfully impose a sentence of community control on one count, and run that sentence *concurrently* to a prison term imposed on another count. *Id.* at ¶ 6-10. There a defendant was sentenced to a 42-month prison term for sexual battery and to five years of community control for domestic violence, to be run concurrently to one another. *Id.* at ¶ 3. The supreme court determined that the imposed sentence did not constitute a "split sentence" and further stated that "the mere fact that the sentences on each offense were to run concurrently does not mean that the community-control sentence imposed on the domestic-violence count included a prison term. The prison term was imposed on the sexual-battery count, and a period of community-control supervision was imposed separately on the domestic-violence count. This complies with our recent decision in [*State v.*] *Anderson* [143 Ohio St.3d 173, 2015-Ohio-2089]." *Id.* at ¶ 9. The sentence originally imposed in Ervin's case is distinguishable from the circumstances in *Paige*, as the trial court ordered Ervin to serve a period of community control *consecutively* to a prison term – a sentence which was not authorized by statute. *See Ervin I*, 2017-Ohio-1491 at ¶ 23.

contends her constitutional right against double jeopardy has been violated by the court's imposition of prison sanctions on the complicity to felonious assault counts.

{¶ 15} In *Holdcroft*, a defendant was sentenced to a ten-year prison term for aggravated arson and a five-year prison term for arson. *Id.* at ¶ 2. The trial court ordered that the prison terms be served consecutively. *Id.* The court notified the defendant that a postrelease control sanction would be imposed, but failed to state whether it was part of the sentence for aggravated arson, arson, or both, and the sentencing entry reflected the same defects. *Id.* After the defendant completed his ten-year prison term for aggravated arson, but before he completed the five-year prison term for arson, the trial court held a new sentencing hearing to correct errors relating to postrelease control. *Id.* at ¶ 3. The trial court imposed a mandatory term of five years of postrelease control for the aggravated-arson offense and a discretionary postrelease-control term of up to three years for the arson offense. *Id.*

{¶ 16} The defendant appealed from his resentencing, arguing that the trial court lacked jurisdiction to impose postrelease control for his aggravated-arson offense as he had already completed the prison sentence for that offense. *Id.* at ¶ 4. The Third District Court of Appeals disagreed with the defendant's argument and upheld the defendant's sentence. *Id.* On appeal, the supreme court reversed, finding that once the defendant completed his prison term for aggravated arson, the trial court lost the authority to resentence him for that offense. *Id.* at ¶ 10. The court held that "[a] trial court does not have the authority to resentence a defendant for the purpose of adding a term of postrelease control as a sanction for a particular offense after the defendant has already served the prison term for that offense." *Id.* at paragraph three of the syllabus.

{¶ 17} *Holdcroft*, therefore, involved a sentence comprised of two sanctions – a valid prison term and an unlawful sanction of postrelease control. Pursuant to statute, postrelease

control is a sanction that must follow "after the offender's release from prison." *See* R.C. 2929.14(D); R.C. 2929.19(B); R.C. 2967.28(B). The present case is distinguishable from *Holdcroft*, as it does not involve the imposition of postrelease control after a valid prison term was served.

**{¶ 18}** Rather, Ervin's sentence involved a valid, three-year prison sentence on a firearm specification that was served prior to the void sentences imposed on the underlying felony convictions for complicity to felonious assault. Unlike a postrelease-control term, a firearm specification requires a separate finding of guilt and the imposition of its own three-year prison sentence, which must be served "consecutively to and prior to any prison term imposed for the underlying felony" offense. R.C. 2941.145(A); R.C. 2929.14(B)(1)(a)(ii) and (C)(1)(a).[3] This three-year prison term is separate from the sentence imposed on the underlying felony conviction. By statute, Ervin had to serve her three-year sentence on the firearm specification before serving any remaining prison term for her felony convictions of complicity to felonious assault. We considered this in Ervin's prior appeal, found that she had properly served her specification sentence and specifically stated that our remand did not "disturb the conviction and sentence related to the gun specification for which Ervin has already served three years." *Ervin I*, 2017-Ohio-1491 at ¶ 24.

**{¶ 19}** Ervin has not, however, served a lawful sentence on her convictions for complicity for felonious assault. Contrary to Ervin's arguments, there was no reasonable expectation of finality in her sentence after she completed her three-year prison term for the firearm specification. As the Ohio Supreme Court has recognized, "[w]here * * * the sentence

---

3. We recognize that a firearm specification is not a separate criminal offense, but rather a sentencing enhancement that is contingent upon an underlying felony conviction. S*ee State v. Ford*, 128 Ohio St.3d 398, 2011-Ohio-765, ¶ 16-17. Nonetheless, the legislature has provided that when convicted of a firearm specification as set forth in R.C. 2941.145, a separate, mandatory three-year prison term is imposed on the offender and the offender "shall serve any mandatory prison term imposed * * * consecutively to and prior to any prison term imposed for the underlying felony * * * and consecutively to any other prison term or mandatory prison term previously or subsequently imposed upon the offender." R.C. 2929.14(C)(1)(a).

imposed was unlawful and thus void, there can be no reasonable, legitimate expectation of the finality in it." *Simpkins*, 2008-Ohio-1197 at ¶ 36. Furthermore, double jeopardy does not attach to a void sentence, and the correction of a void sentence does not violate principles of double jeopardy. *State v. Beasley*, 14 Ohio St.3d 74, 75 (1984); *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, ¶ 9.

{¶ 20} When the trial court resentenced Ervin for complicity to felonious assault on May 22, 2017, it did not violate principles of double jeopardy. The effect of finding Ervin's original sentence on counts eleven and twelve void was that Ervin was placed back in the position she would have been in if no sentence had been imposed. *See Simpkins* at ¶ 22. The trial court retained jurisdiction to correct her sentence, and when it sentenced Ervin to concurrent four-year prison terms for her felony offenses, it was as if it was imposing punishment for those offenses for the first time. *See id.* The court's imposition of concurrent four-year prison terms was not clearly and convincingly contrary to law and is supported by the record. In imposing the four-year prison sentence, the trial court properly considered our remand instructions, the principles and purposes of R.C. 2929.11, and the seriousness and recidivism factors listed in R.C. 2929.12. We therefore find no merit to Ervin's arguments and overrule her first assignment of error.[4]

{¶ 21} Assignment of Error No. 2:

{¶ 22} THE TRIAL COURT ERRED IN IMPOSING CONSECUTIVE SENTENCES.

{¶ 23} In her second assignment of error, Ervin argues the trial court erred in

---

4. In rejecting Ervin's arguments, we are mindful that "'the power of a sentencing court to correct even a statutorily invalid sentence must be subject to some temporal limit' imposed by due process and fundamental fairness." *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, ¶ 34, quoting *Breest v. Helgemoe*, 579 F.2d 95, 101 (1st Cir.1978). However, a review of the record indicates Ervin did not oppose resentencing on the complicity to felonious assault offenses on the basis that her due process rights had been violated due to the passage of time. Rather, Ervin made only two arguments in support of dismissal: (1) the court lost jurisdiction to resentence her on the complicity charges as she had already served her prison term on the firearm specification; and (2) resentencing her on the complicity charges subjected her to double jeopardy. As set forth above, these arguments are without merit.

imposing her sentence as the court "did not make the necessary findings to impose consecutive sentences pursuant to R.C. 2929.14(C)." As set forth above, we review the imposed sentence under the standard of review set forth in R.C. 2953.08(G)(2). *See Marcum*, 2016-Ohio-1002 at ¶ 1.

{¶ 24} As an initial matter, we note that the trial court imposed *concurrent* four-year prison terms on counts eleven and twelve. As such, the trial court was not required to make the consecutive sentencing findings set forth in R.C. 2929.14(C) when resentencing Ervin.

{¶ 25} Further, to the extent that Ervin is arguing that the trial court needed to make consecutive sentencing findings as the four-year prison term on count eleven was run consecutively to the three-year prison term imposed on the firearm specification, we find her argument to be without merit. R.C. 2929.14(C)(1)(a) specifically provides that "if a mandatory prison term is imposed upon an offender * * * for having a firearm on or about the offender's person or under the offender's control while committing a felony, * * * the offender shall serve any mandatory prison term imposed * * * consecutively to and prior to any prison term imposed for the underlying felony * * * and consecutively to any other prison term or mandatory prison term previously or subsequently imposed upon the offender." Thus, pursuant to R.C. 2929.14(C)(1)(a), the trial court was mandated by statute to run the sentence for the firearm specification consecutively to and prior to the sentence for the underlying complicity to felonious assault conviction in count eleven. The finding requirements of R.C. 2929.14(C)(4) were, therefore, not applicable to the case at hand. *See State v. Freeman*, 7th Dist. Mahoning No. 14 MA 25, 2014-Ohio-5725, ¶ 31 ("because the Ohio Revised Code requires imposition of consecutive sentences for firearm specifications attendant to their underlying felony offense, the trial court is not required to make R.C. 2929.14(C)(4) findings before imposing a consecutive sentence on that conviction"); *State v. Wicker*, 5th Muskingum No. CT2016-0005, 2016-Ohio-7311, ¶ 7-12. Ervin's second

- 9 -

assignment of error is, therefore, overruled.

{¶ 26} Judgment affirmed.

S. POWELL, P.J., concurs.

M. POWELL, J., concurs in part and dissents in part.

**M. POWELL, J., concurring in part and dissenting in part.**

{¶ 27} I concur in part and dissent in part. I concur with the majority in affirming the trial court's imposition of the prison term for count twelve. However, pursuant to the Ohio Supreme Court's opinion in *Holdcroft*, I dissent from the majority's opinion affirming the trial court's imposition of a four-year prison term for count eleven.

{¶ 28} *Holdcroft* involved a defendant who was sentenced to consecutive ten-year and five-year prison terms for aggravated arson and arson, respectively. The postrelease control portion of the sentences was improperly imposed. After Holdcroft completed the ten-year aggravated arson prison term, but before he completed the five-year arson prison term, he was brought back before the trial court and the postrelease control portion of the sentences was reimposed. Holdcroft argued he could not be resentenced to postrelease control on the aggravated arson conviction because he had completed the prison term for that offense.

{¶ 29} The supreme court held that Holdcroft could not be resentenced to postrelease control upon the aggravated arson conviction because he had completed the prison term for that offense. *State v. Holdcroft*, 137 Ohio St.3d 26, 2013-Ohio-5014, ¶ 10 ("We conclude that once Holdcroft completed his prison term for aggravated arson, the trial court lost the authority to resentence him for that offense"). In so holding, the supreme court recognized three principles applicable to a sentencing court's authority to review an original sentence

imposed upon an offender:

> First, when a sentence is subject to direct review, it may be modified; second, when the prison-sanction portion of a sentence that also includes a void sanction has not been completely served, the void sanction may be modified; and third, when the entirety of a prison sanction has been served, the defendant's interest in finality in his sentence becomes paramount, and his sentence for that crime may no longer be modified.

*Id.* at ¶ 18.[5]

{¶ 30} Focusing upon the sentence imposed for a particular crime, *Holdcroft* constrains a sentencing court from modifying the sentence if a prison term sanction for that offense has been completed. *Holdcroft* emphasized that the constraint upon the modification of such a sentence arises from a lack of jurisdiction. *Id.* at ¶ 14 ("[O]nce a valid prison sanction has been served * * * the court has lost *jurisdiction* to modify the sentence").

{¶ 31} In determining if *Holdcroft* applies to prohibit the imposition of an additional prison term upon Ervin for count eleven, the first issue is whether the three-year prison term Ervin completed was for the underlying complicity to felonious assault offense or for the firearm specification. If the original, completed three-year prison term was imposed for the underlying complicity to felonious assault offense, *Holdcroft* prohibits any additional punishment for that offense.

{¶ 32} R.C. 2929.01(EE) defines "sentence" as "the sanction or combination of sanctions imposed by the sentencing court on an offender who is convicted of or pleads guilty to an *offense*." (Emphasis added.) Likewise, a "sanction," such as a prison term, is "any penalty imposed upon an offender who is convicted of or pleads guilty to an *offense*, as punishment for the *offense*." (Emphasis added.) R.C. 2929.01(DD). Each of these statutory definitions requires that there be a predicate "offense" to support a "sentence" or a

---

5. This language does not restrict application of these principles only to void postrelease control sanctions.

- 11 -

"sanction." Therefore, a second issue is whether a firearm specification is an "offense" for which there may be a sentence or a sanction.

{¶ 33} Pursuant to the Ohio Revised Code, an "offense" must include a "prohibition." R.C. 2901.03(B) provides that "[a]n offense is defined when one or more sections of the Revised Code state a positive prohibition or enjoin a specific duty, and provide a penalty for violation of such prohibition or failure to meet such duty." Commenting upon this section, the Ohio Supreme Court made the following observation regarding R.C. 2941.145 and 2929.14(D)(1)(a), which establish the firearm specification and the additional prison term upon conviction of the firearm specification, respectively:

> Read together, the language in [R.C. 2929.14(D)(1)(a) and 2941.145] indicates that the firearm specification is contingent upon an underlying felony conviction. Thus, R.C. 2941.145 and 2929.14(D) do not contain a positive prohibition of conduct, as required by R.C. 2901.03(B). Instead, these provisions indicate that *if* a defendant is convicted of a felony offense and, during the commission of that offense, *if* the defendant displays, indicates possession of, or uses a firearm to facilitate the offense, the defendant's underlying felony sentence will be increased by three years. In other words, the statutes do not state that a defendant shall not use a firearm during the commission of a crime: they state that when a firearm is used, an additional penalty will be imposed.

(Emphasis sic.) *State v. Ford*, 128 Ohio St.3d 398, 2011-Ohio-765, ¶16.[6]

{¶ 34} Noting that the firearm specification statues were not included within the chapters of the Ohio Revised Code which define the various offenses, the supreme court went on to state, "Moreover, the placement of R.C. 2941.145 and 2929.14 within the Revised Code confirms that the firearm specification is merely a sentence enhancement, not a separate criminal offense." *Id.* at ¶ 17.

{¶ 35} Some years ago, this court held that a firearm specification is not an "offense."

---

6. R.C. 2929.14(D)(1)(a), the firearm specification additional prison term section referred to by the supreme court in *Ford*, is now codified as R.C. 2929.14(B)(1)(a).

In the context of whether the imposition of prison terms for both a firearm specification and having weapons under disability offended R.C. 2941.25 as allied offenses of similar import, we held that

> R.C. 2941.25 does not apply, inasmuch as only enhanced punishment is involved, not conviction of a separate crime involving identical conduct. A firearm specification is not a separate offense and thus cannot be an allied offense of similar import for purposes of R.C. 2941.25.

*State v. Blankenship*, 102 Ohio App.3d 534, 547 (12th Dist.1995). Since *Blankenship*, it has been clear in this district that a firearm specification is not a separate criminal offense, but merely "enhanced punishment." *See, e.g., State v. Stephenson*, 12th Dist. Warren No. CA2014-05-072, 2015-Ohio-233.

{¶ 36} In *Ford*, the Ohio Supreme Court not only addressed that a firearm specification under R.C. 2941.145 was not an "offense," but it also discussed the nature of a firearm specification as follows: "Thus, the firearm specification is merely a sentencing provision that requires an enhanced penalty upon certain findings. *We hold that R.C. 2941.145 and 2929.14(D) define a sentence enhancement that attaches to a predicate offense.*" (Citations omitted and emphasis added.) *Ford*, 2011-Ohio-765 at ¶ 16.

{¶ 37} *Ford* makes clear that the effect of a conviction of a firearm specification is to increase the sentence for the "underlying felony." Thus, although a conviction for the firearm specification increases the penalty, that penalty is imposed for the commission of an underlying felony which includes the conduct described by the firearm specification.

{¶ 38} In this sense, this case differs from *Holdcroft* only in the details. Just as postrelease control and a prison term for the underlying felony are separate components of a felony sentence, a sanction for an underlying felony and a prison term for a firearm specification are also separate components of a felony sentence. Just as the firearm specification prison term is served separately from any sanction for the underlying felony,

including a prison term, so is postrelease control served separately from the prison term for its underlying felony. As *Holdcroft* prohibits modification of a void postrelease control sanction once the prison term for the underlying felony has been completed, by logical extension, it also prohibits modification of a void sanction for an underlying felony offense after the firearm specification prison term for that offense has been completed. Thus, consistent with *Holdcroft*, the trial court lacked jurisdiction to sentence Ervin to an additional prison term for her conviction on count eleven.

{¶ 39} Because a firearm specification is not an "offense" for which there may be a "sentence" or a "sanction," the original three-year prison term imposed upon Ervin necessarily was a sentence for the complicity to felonious assault offense to which the firearm specification attached. Ervin completed the entirety of the prison term that was imposed for the count eleven firearm specification. After we vacated the consecutive community control sanction imposed on count eleven as void and remanded for resentencing, the trial court imposed an additional four-year prison term upon Ervin for count eleven. Pursuant to *Holdcroft*, once "the entirety of a prison sanction has been served, the defendant's interest in finality in his sentence becomes paramount, and his sentence for that crime may no longer be modified." Thus, the additional four-year prison term imposed upon Ervin for count eleven should be vacated.

{¶ 40} With regard and respect for my colleagues in the majority, I dissent and would order that the four-year prison term imposed for the count eleven complicity to felonious assault offense be vacated.