[Cite as *State v. Robinson*, 2016-Ohio-5114.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-150602 |
| | | TRIAL NO. B-1008506 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| | | |
| TROY ROBINSON, | : | |
| | | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed in Part, Reversed in Part, and Cause Remanded

Date of Judgment Entry on Appeal: July 27, 2016

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*The Farrish Law Firm* and *Michaela Stagnaro*, for Defendant-Appellant.

**MOCK, Judge.**

{¶1}     Defendant-appellant Troy Robinson was originally charged with rape of a child who was less than ten years of age, in violation of R.C. 2907.02(A)(1)(b). Pursuant to extensive plea negotiations, Robinson entered a guilty plea to one count of felonious assault, a felony of the second degree.  He was placed on community control.  One of the conditions of the community control was to complete the Gary Keys Sex Offender Program.   After he was terminated from the program for noncompliance, the probation department notified the court, and he was returned for a community-control-violation hearing.   The trial court found that he had violated the terms of his community control and imposed a seven-year prison sentence, giving credit for 1,480 days.  In two assignments of error, Robinson now appeals.

{¶2}     In his first assignment of error, Robinson claims that the trial court improperly found that he had violated the terms of his community control.  He claims that he complied with the program "until it became impossible to do so."

{¶3}     A trial court cannot revoke community control without first making a finding supported by substantial evidence that the defendant has not complied with his community-control conditions. *State v. Delaney*, 11 Ohio St.3d 231, 236, 465 N.E.2d 72 (1984).   In this case, the record supports the trial court's conclusion that Robinson simply refused to comply with the program, and that the refusal was representative of a history of defiance in the case.  In his letter to the trial court, Robinson complained about having to go to a sex-offender program, saying that he "did not commit[, nor was he] convicted of[,] a sex offense."   He complained about having to discuss his "personal business" in the group sessions, and was otherwise a disruption to the group.  The

2

record supports the decision of the trial court to terminate his community control for failing to complete the program, and we overrule his first assignment of error.

{¶4}    In his second assignment of error, Robinson claims that the trial court improperly sentenced him as a result of the revocation of his community control.  He first argues that his sentence was too severe because he was a first-time offender and his community-control violation was minor.  But he was originally charged with rape of a child under the age of ten.  And in that context, we cannot say that his failure to comply with sex-offender treatment was a "less serious" violation.  "R.C. 2929.15(B) requires the court to consider both the seriousness of the original offense leading to the imposition of community control and the gravity of the community control violation." *State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837, ¶ 20.  Since the gravamen of the underlying facts of the case was the sexual assault of a child, treatment was a key prong of his community control.

{¶5}    Robinson also claims that the trial court failed to consider the factors in R.C. 2929.11 and 2929.12 before imposing sentence.  Under R.C. 2953.08(G)(2), we may modify or vacate a sentence if we clearly and convincingly find that either the record does not support the sentencing court's findings or the sentence is otherwise contrary to law.  *See State v. White*, 2013-Ohio-4225, 997 N.E.2d 629, ¶ 11 (1st Dist.).  R.C. 2929.15(B) permits the trial court to impose a prison term upon a defendant for a community-control violation as long as the prison term is "within the range of prison terms available for the offense for which the sanction that was violated was imposed and [does] not exceed the prison term specified in the notice provided to the offender at the sentencing hearing * * *."  R.C. 2929.15(B)(2); *see State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837, paragraph two of the syllabus.  The statutory range for a second-degree felony is two to eight years. R.C. 2929.14(A)(2).

{¶6}     Robinson was sentenced within the range of prison terms available for the offense, and the sentence did not exceed the prison term specified in the notice provided to him at his original sentencing hearing. The court was not required to make specific findings on the record to demonstrate it considered the relevant provisions of R.C. 2929.11(B) and 2929.12(A)-(E). We can presume that the court considered the factors, absent an affirmative demonstration in the record showing otherwise. *See State v. Hendrix*, 1st Dist. Hamilton Nos. C-150194 and C-150200, 2016-Ohio-2697, ¶ 51. No such affirmative demonstration exists in this case.

{¶7}     Robinson next argues that the trial court failed to warn him not to ingest or inject drugs of abuse while in prison, and failed to warn him that he would be drug tested in prison. But this court has held that the failure to issue such warnings is harmless error. *State v. Haywood*, 1st Dist. Hamilton No. C-130525, 2014-Ohio-2801, ¶ 18.

{¶8}     Robinson further argues that the trial court erred when it failed to explain his possible eligibility for the earned-credits program, which allows eligible offenders to participate in programs so that they can earn days of credit "towards satisfaction of their stated prison term." But this court has held that the trial court is not required, under R.C. 2967.193, to inform a defendant at his resentencing hearing that he may be eligible to earn days of credit on his sentence. *State v. Temaj-Felix*, 1st Dist. Hamilton No. C-140052, 2015-Ohio-3966, ¶ 13.

{¶9}     Finally, Robinson argues that the trial court erred when it failed to properly inform him of postrelease control. We agree. This court has held that the sentencing hearing conducted upon finding a community-control violation constitutes "a second sentencing hearing[,] [at which] the court sentences the offender anew and must comply with the relevant sentencing statutes." *State v. McAfee*, 1st Dist. Hamilton

No. C-130567, 2014-Ohio-1639, ¶ 14, quoting *State v. Fraley*, 105 Ohio St.3d 13, 2004-Ohio-7110, 821 N.E.2d 995, ¶ 17. Therefore, when sentencing a defendant to prison subsequent to a revocation of community control, it is error for the trial court to fail to provide the postrelease-control notification required by R.C. 2929.19(B)(3)(d)-(e) and 2967.28(C). *Id.* at ¶ 19. As a result, the trial court erred when it failed to inform Robinson that, upon his release from prison, he would be subject to a mandatory period of postrelease control lasting three years.

{¶10} We additionally note that the trial court, in its sentencing entry, notified Robinson that he would be subject to five years of mandatory postrelease control. But R.C. 2967.28(B)(2) states that the term is three years for felonies of the second degree that are not felony sex offenses. Since R.C. 2967.28(A)(3) specifically defines a "felony sex offense" as "a violation of a section contained in Chapter 2907 of the Revised Code that is a felony," Robinson's conviction for felonious assault, a felony of the second degree in violation of R.C. 2903.11(A)(1), was not a felony sex offense and falls within the category of offenses in R.C. 2967.28(B)(2).

{¶11} To the extent that Robinson argues that the trial court failed to properly notify him of postrelease control, we sustain his assignment of error. In all other aspects, his second assignment of error is overruled.

{¶12} The record reflects that the trial court failed to properly notify Robinson that he would be subject to a period of mandatory postrelease control lasting three years when it sentenced him to prison after revoking his community control. We, therefore, reverse the portion of the trial court's judgment stating that Robinson would be subject to five years of mandatory postrelease control and remand the matter for a new sentencing hearing, which shall be limited to the proper imposition of postrelease

control. *See State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 29.

We affirm the trial court's judgment in all other respects.

Judgment affirmed in part, reversed in part, and cause remanded.

**CUNNINGHAM, P.J.**, and **DEWINE, J.**, concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.

