[Cite as *State v. Mize*, 2018-Ohio-3848.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2017-11-159 |
| | : | O P I N I O N |
| - vs - | | 9/24/2018 |
| | : | |
| SETH MIZE, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2008-04-0632


Michael T. Gmoser, Butler County Prosecuting Attorney, John C. Heinkel, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Engel & Martin, LLC, Mary K. Martin, 4660 Duke Drive, Suite 101, Mason, Ohio 45040, for defendant-appellant


**PIPER, J.**

{¶ 1} Defendant-appellant, Seth Mize, appeals his sentence in the Butler County Court of Common Pleas.

## I. Procedural Posture

{¶ 2} In 2008, Mize pled guilty to two separate counts of robbery. The trial court sentenced Mize to seven years in prison on one count of robbery and five years of

community control on the other robbery count. The trial court ordered that Mize's community control commence after he was released from prison. As part of the community control sanctions, Mize was ordered to complete a six-month program with the Community Control Center ("CCC"). Mize was also advised that a violation of his community control could lead to other sanctions, a longer sanction, or up to eight years in prison.

{¶ 3} Mize served his sentence on the first robbery conviction and was released from prison. Soon thereafter, he violated the terms of his community control when he did not complete the CCC program. The trial court continued Mize's community control sanctions and ordered that Mize complete a different program through a different community residential sanction, which was River City. For purposes of resolving the issues herein, both CCC and River City are considered community-based-correction-facilities (CBCF). Mize was informed once again that a violation of his community control would result in a possible prison sentence. Mize completed the River City program as ordered, thereby complying with that specific community control sanction.

{¶ 4} Later in 2017, Mize again violated the terms of his community control when he was convicted in the Hamilton County Court of Common Pleas for aggravated robbery with a firearm specification. The Butler County trial court then revoked Mize's community control and ordered him to serve seven years in prison consecutive to the sentence imposed by the Hamilton County Court of Common Pleas. In so doing, the Butler County trial court made the requisite findings for consecutive sentences. Mize now appeals the Butler County sentence, raising the following assignments of error.

{¶ 5} Assignment of Error No. 1:

{¶ 6} THE TRIAL COURT ERRED BY IMPOSING A SENTENCE NOT AUTHORIZED BY STATUTE.

{¶ 7} Mize argues in his first assignment of error that the trial court erred in

- 2 -

sentencing him when he violated the terms of his community control for committing another crime.

### A. Mize's Arguments

{¶ 8} Mize argues that the seven-year sentence imposed after he violated his community control is contrary to law because his detention in the CCC program (subsequently River City) impermissibly followed the prison sentence imposed on the first count of robbery. Referencing the recent case of *State v. Paige*, 153 Ohio St.3d 214, 2018-Ohio-813, Mize summarizes his argument that "his second count of robbery must be vacated as it is a void sentence due to the trial court not having statutory authority to impose a sentence of community control with a term of confinement in a CBCF consecutive to his prison sentence on count one."

{¶ 9} While Mize suggests our earlier decision in *State v. Ervin*, 12th Dist. Butler No. CA2016-04-079, 2017-Ohio-1491, is "strikingly similar," the dissent expands Mize's arguments and urges that *Ervin* controls our judgment herein by virtue of stare decisis. However, *Ervin* was largely premised on *State v. Anderson*, 8th Dist. Cuyahoga No. 102427, 2016-Ohio-7044, which was decided without the benefit of the Ohio Supreme Court's clarification regarding split sentences. Given that *Anderson* and Ervin's first appeal were released before the Ohio Supreme Court decided *Paige*, the courts analyzed the issues absent the pronouncement in *Paige* that separate sentences for separate offenses may include a prison term sanction for one offense and a community control sanction for a separate offense.

### B. The State's Arguments

{¶ 10} The state argues that while Mize's situation could arguably fall within the purview of *Ervin*, such would be inappropriate due to the facts in Mize's particular circumstances. The state further argues that whether a community control sanction is

"consecutive" or "concurrent" is superfluous because the offender cannot begin to serve the community control sanction until his or her release from prison. The state emphasizes that a sentence of community control does not implicate the consecutive sentencing directives found in R.C. 2929.14(C)(4). The state further urges that we adopt the rationale as expressed in *State v. Hitchcock*, 5th Dist. Fairfield No. 16-CA-41, 2017-Ohio-8255. The state then attempts to distinguish *Paige*.

{¶ 11} Neither party, nor the dissent herein, fully appreciates the significance of *Paige* in the circumstances specific to Mize. While the holding in *Paige* does not directly determine the outcome herein, the rationale and reasoning of *Paige* provides noteworthy guidance. *Anderson* and *Ervin* involved firearm specifications that required mandatory prison time. *Ervin* had a subsequent appeal and contained a strong dissent taking issue with what appeared to be a split sentence because of the firearm specification. *See State v. Ervin*, 12th Dist. Butler No. CA2017-06-084, 2018-Ohio-1359. *Ervin* also did not involve a CBCF. The legal consequences of these factual differences attributed to *Ervin* do not come together such that they control the outcome herein. *Paige*, on the other hand, did involve a CBCF and is authority of which we must take note.[1]

## II. The Decision in *Paige*

{¶ 12} In *Paige*, the defendant was convicted of separate charges and sentenced to community control sanctions on one offense and a prison term on a separate offense. The community control sanctions included a community residential sanction (a CBCF) and was ordered to run concurrently with the prison term. The supreme court concluded the "community control was proper but that the residential-sanction portion of the sentence was

---

1. The dissent finds the mandatory sentence in *Ervin* and the absence of a CBCF are of "no consequence" because they are "technical" distinctions. Yet, much of Ohio's statutory sentencing authority is technical and with far reaching and significant consequences.

- 4 -

not authorized by statute." *Paige*, 2018-Ohio-813 at ¶ 1. The court addressed the issue of whether community control on a separate offense can follow a term of imprisonment on a different offense. This necessitated the court explaining the significance of a community control sanction which would follow a term of imprisonment and contain a requirement that the offender complete a CBCF. Unless statutory exceptions apply, time in a CBCF cannot be served following a term of imprisonment. According to *Paige*, this does not mean that the sentence to community control was improper or that it was improper for Paige to be subjected to community control upon his completion of the term of imprisonment.[2]

{¶ 13} Paige pled guilty to one count of sexual battery and one count of domestic violence. On the sexual battery charge, the trial court sentenced Paige to a 42-month prison term followed by postrelease control for five years. The trial court sentenced Paige to community control on the domestic violence conviction. The sanctions included time in a CBCF, completion of an anger management program, and a no-contact order. Paige appealed his sentence to the Eighth District Court of Appeals, arguing that he had received an improper sentence because the sentencing statutes did not permit a prison term followed by community control sanctions that included additional confinement in a CBCF. *State v. Paige,* 8th Dist. Cuyahoga No. 104109, 2016-Ohio-7615. The Eighth District agreed and vacated Paige's sentence on the domestic violence conviction.

{¶ 14} On appeal, the Ohio Supreme Court determined that split sentences are prohibited in Ohio and that a court must impose either an imprisonment sanction or a community control sanction but cannot impose both "for a single offense." *Paige*, 2018-Ohio-

---

2. *Ervin* offers little guidance on this issue. Furthermore, the dissent determines that the pivotal point in *Paige* was that the community control sanction *was only* proper because it was ordered concurrent to the term of imprisonment. While Paige's community control was ordered concurrently, by no means can we extricate that the reasoning and rationale of *Paige* hinged upon the concurrent nature of the sentences. The dissent insists that the court in *Paige* found community control to be authorized by statue only because it was to be served concurrently. *Paige*, however, gave no such requirement nor did it reference any statutory authority imposing such a requirement.

813 at ¶ 6. The supreme court determined that Paige's trial court had *not* issued a split sentence because it had sentenced Paige to prison for sexual battery and then separately imposed community control for the domestic violence conviction. "Thus, the trial court did not impose a split sentence." *Id.* at ¶ 6.

{¶ 15} Paige attempted to convince the supreme court that the sentence for domestic violence was both an imprisonment sanction and a community control sanction because the trial court ran the prison sentence for sexual battery concurrent to the domestic violence community control sanction. While the Eighth District agreed with this argument, the supreme court determined that the appellate court erred by considering the sentence of each offense together as a whole. Instead, the supreme court determined that "the only task before us is to determine whether the community control sentence imposed on the domestic-violence count was proper." *Id.* at ¶ 8.

{¶ 16} In addressing the propriety of the domestic violence sentence, the supreme court agreed with the state that the "mere fact that the sentences on each offense were to run concurrently does not mean that the community control sentence imposed on the domestic-violence count included a prison term." *Id.* at ¶ 9. Instead, the supreme court relied on the separate imposition of a prison term on the sexual battery charge as opposed to the domestic violence charge. The court addressed that "*nothing in the sentencing statutes requires the duration of a community control sanction to match that of a concurrent prison term.*" *Id.* at ¶ 10. (Emphasis added.) Instead, the sentencing statutes only require that the duration of all community controls sanctions shall not exceed five years. R.C. 2929.15(A)(1).

{¶ 17} The supreme court recognized that the trial court erred by ordering Paige's placement in a CBCF upon his release from prison because that sentence equated to an improper consecutive term of imprisonment. According to R.C. 2929.41(A), a prison term "shall" be served concurrently with any other prison term, jail term, or sentence of

imprisonment unless a statutory exception applies. The supreme court determined that while confinement in a CBCF is a valid community residential sanction, one of the statutory exceptions referenced in R.C. 2929.41(A) must apply before such confinement can run consecutive to a separate prison term.

{¶ 18} To correct the trial court's error, the supreme court had to determine what would be the appropriate remedy. The court agreed with the state's argument that the proper remedy "is to vacate only the improperly imposed residential sanction and leave the remaining conditions of the community-control sentence intact." *Id.* at ¶ 14. As such, the supreme court vacated only the CBCF sanction, but left intact the other community control conditions including completion of the anger management program and no-contact order. The sentence to community control which followed a term of imprisonment was not improper as long as there were separate offenses. It was also not improper for the community control sanction to be served after the sanction of imprisonment.

### III. Remedy Applicable to Mize

{¶ 19} We find the facts of the case sub judice are best guided by the rationale and reasoning in *Paige*. Mize was charged with two separate felonies. He received a prison sentence on the first robbery charge, and a community control sanction on the second robbery charge. Thus, Mize's situation is similar to *Paige* because in 2008, there were two separate sentences for two separate convictions. Similar to *Paige*, Mize was sentenced separately to prison and separately to community control. However, the community control sanction improperly required confinement in a CBCF.

{¶ 20} While we agree that the trial court should not have ordered Mize to serve time in the CBCF after his prison sentence was completed, we must disagree with the dissent that this court must vacate the seven-year sentence imposed for violating his community control and must vacate the community control sanction in its entirety. Instead, and as set forth by

the supreme court, the proper remedy is to vacate the offending portion of the community control sanction, which involves a CBCF, while leaving intact the rest of the community control sanctions. The offending portion of the community control sentence according to Mize was the order to complete the CBCF. Yet, Mize had already completed the CBCF when he violated his community control by committing an aggravated robbery. Mize's seven-year sentence for having violated the terms of his community control due to his subsequent conviction for an aggravated robbery with a firearm specification in Hamilton County was unrelated to the CBCF residential sanction.

### IV. The Dissent Herein

{¶ 21} The dissent frames an argument not quite articulated in Mize's brief: that irrespective of an improper sentence to a CBCF, he should never have received community control consecutive to his separate sentence of imprisonment because community control must always be ordered concurrent to a separate term of imprisonment. Both Mize and the dissent urge that Mize's sentence is void. The dissent suggests that while the trial court could properly order a community control sanction, it was erroneous to order the sanction consecutively.

{¶ 22} According to the dissent, the trial court had subject matter jurisdiction and authority to act in pronouncing a sentence of community control. Therefore, the dissent's arrival at what it considers an erroneous sentence would not make the sentence void, but rather voidable. In turn, res judicata would apply since Mize could have timely raised the issue by direct appeal – as was done in *Paige* – at the time he received his sentence of community control. *State v. Hamilton*, 4th Dist. Hocking No. 16CA17, 2017-Ohio-1294, ¶ 17. An invalid or erroneous sentence could have been corrected on direct appeal.

{¶ 23} Mize did not file an appeal in 2008 when his community control sentence was pronounced. *See State v. Duncan*, 12th Dist. Butler Nos. CA2015-05-086 and CA2015-06-

108, 2016-Ohio-5559 ¶ 27. Mize does not request relief be found in remand and resentencing. Yet, if Mize were to advocate the dissent's position, and his sentence merely voidable, he could be resentenced to the same term he is now serving, and his appeal would be to no avail.

{¶ 24} In other words, if upon resentencing, Mize was resentenced to community control concurrent to his seven-year sentence of imprisonment, he would never have to honor any community control sanctions because the limit for community control is five years. R.C. 2929.15(A)(1). Accountability for his crime would be reduced to a nullity making a folly of the law. Notably, the law does not presume to reward a defendant who commits separate offenses with concurrent sentences. *See State v. Bates*, 118 Ohio St.3d 174, 2008-Ohio-1983, ¶ 13. On the other hand, if Mize is resentenced to a term of imprisonment, he could receive up to eight years consecutive to his other sentences, which would make this exercise an absurdity and one that the law presumes to avoid.

{¶ 25} The dissent's rule of law inferred from *Paige*: that community control must always run concurrent to a separate prison sentence, is not enunciated in *Paige*, nor is there statutory authorization for such a rule of law. The dissent presumes the legislature intended for community control to always be served concurrently to a separate term of imprisonment because such legislation exists pertaining to sentences of imprisonment. R.C. 2929.41(A). Yet, this legislation *only* applies to sentences of imprisonment. Mandating that community control is only a proper sentence if packaged or bundled together with a separate term of imprisonment is only within the authority of the legislature. Despite the dissent's suggested mandate to "bundle" the separate offenses for purposes of sentencing, there is precedent that rejects such a suggestion. *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, ¶ 15.

### V. A Separate Sentence for a Separate Conviction

{¶ 26} Undeniably, *Paige* reaffirms that "sentencing packaging" – found in the federal

sentencing arena – is not the law of Ohio. *Paige*, 2018-Ohio-813 at ¶ 8. Since an offender can receive a sentence on each felony conviction, separate and apart from the other, as authorized by Ohio statutes, we find no legislative authorization requiring community control to be served only, and always, concurrently.

{¶ 27} The dissent determines that when rendering the sanction of imprisonment for one offense and the sanction of community control for a separate offense, the trial court must consider the sentence as a whole and can only order the community control sanction if concurrent to the sanction of imprisonment. Other than the dissent's strained employment of ejusdem generis and a requirement attributed to *Paige*, but not expressed in *Paige*, there is no statutory support for such a sentencing mandate. The dissent clings to a rigid and zealous application of *Ervin* despite the insight offered in *Paige*.

{¶ 28} Sentences for separate offenses rendered as a whole, or collectively, are contrary to Ohio's sentencing laws. *State v. Wheatley*, 4th Dist. Hocking No. 17CA3, 2018-Ohio-464, ¶ 44-46. Yet, this is what the dissent proposes. The supreme court has rejected an approach to sentencing that lumps sentences together when separate offenses are involved. *Saxon*, 2006-Ohio-1245 at ¶ 9. "[A] judge sentencing a defendant pursuant to Ohio law must consider each offense individually and impose a separate sentence for each offense. *See* R.C. 2929.11 thru 2929.19." *Id.* Only after a judge has imposed a separate sentence for each offense may the judge then consider in his or her discretion whether the offender should serve those sentencing sanctions concurrently or consecutively. Pursuant to Ohio law, the judge lacks authority to consider the offenses together with an "interdependency" underpinning the sentences together. *Id.* at ¶ 11. Unfortunately, this is the effect of the dissent's reasoning.

### VI. Statutory Purposes and Principles of Sentencing

{¶ 29} Trial courts carry a heavy burden in weighing the factors in R.C. 2929.11 and

2929.12. The purposes and principles of sentencing require considering, and weighing, multiple factors. This includes societal interests, the prospects of rehabilitation, and the need for punishment. The legislature has expressly granted trial courts the "discretion to determine the most effective way" to achieve the purposes and principles of sentencing. R.C. 2929.12(A). Such discretion gives trial courts the inherent authority to determine whether sentences shall run concurrently or consecutively. *See Bates*, 2008-Ohio-1983 at ¶ 19.

{¶ 30} The dissent attempts to mandate that if an offender receives a prison term for an offense, he or she can only receive community control on a separate and distinct offense if it is run concurrently. We find a judicial mandate of this effect to be unpalatable and unpersuasive. If a trial court is fulfilling the statutory purposes and principles of sentencing there is no lawful justification, nor statutory authorization, to eliminate the sanctions available to the trial court's judgment.[3]

{¶ 31} Because *Paige* expressly established that the duration of community control need not match that of a prison term and because no statutory authorization exists to require a separate sentence of community control always be served concurrently to a separate sentence of imprisonment, Mize's first assignment of error is overruled.

{¶ 32} Assignment of Error No. 2:

{¶ 33} THE TRIAL COURT ERRED BY IMPOSING A CONSECUTIVE SENTENCE.

{¶ 34} Mize argues in his second assignment of error that the trial court erred in ordering him to serve a consecutive sentence.

{¶ 35} Mize acknowledges that the trial court made the requisite statutory consecutive

---

3. Some might suggest that because of issues involved in *Ervin* and *Paige*, an en banc is appropriate for this court; we suggest the opposite. With *Ervin* and *Hitchcock* and *Paige* juxtaposed, the Ohio Supreme Court will establish precedent with further elucidation.

sentence findings when it revoked his community control and imposed the seven-year prison sentence. However, he first argues that the trial court was obligated to make the consecutive sentence findings at the time he was originally sentenced to community control.

{¶ 36} According to R.C. 2929.14(C)(4), a trial court must make specific statutory findings before imposing consecutive sentences. This court has repeatedly determined that "a trial court is required to make the statutory findings and supporting reasons under R.C. 2929.14(E)(4), not when it sentences a defendant to community control, but when it actually imposes a consecutive prison term." *State v. Madaffari*, 12th Dist. Butler No. CA2004-08-193, 2005-Ohio-3625, ¶ 14.

{¶ 37} The record clearly indicates, and Mize does not deny, that the trial court made the required statutory findings upon revoking Mize's community control and sentencing him to the prison term. As such, the timing of the trial court's findings is appropriate.

{¶ 38} Mize next argues that the trial court's findings are not supported by the record. An appellate court reviews the imposed sentence according to R.C. 2953.08(G)(2), which governs all felony sentences. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Pursuant to that statute, an appellate court does not review the sentencing court's decision for an abuse of discretion. *Id.* at ¶ 10. Rather, R.C. 2953.08(G)(2) provides that an appellate court can modify or vacate a sentence only if the appellate court finds by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law.

{¶ 39} A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range." *State v. Ahlers*, 12th Dist. Butler No. CA2015-06-100, 2016-Ohio-2890, ¶ 8. Thus, this court may increase, reduce, or otherwise modify a sentence only

when it clearly and convincingly finds that the sentence is either contrary to law or unsupported by the record. *Marcum* at ¶ 7.

{¶ 40} A consecutive sentence is contrary to law where the trial court fails to make the consecutive sentencing findings required by R.C. 2929.14(C)(4). *State v. Marshall*, 12th Dist. Warren No. CA2013-05-042, 2013-Ohio-5092, ¶ 8. Pursuant to R.C. 2929.14(C)(4), a trial court must engage in a three-step analysis and make certain findings before imposing consecutive sentences. *State v. Smith*, 12th Dist. Clermont No. CA2014-07-054, 2015-Ohio-1093, ¶ 7. Specifically, the trial court must find that (1) the consecutive sentence is necessary to protect the public from future crime or to punish the offender, (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and (3) one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4).

{¶ 41} "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry." *State v. Bonnell*, 140 Ohio St. 3d 209, 2014-Ohio-3177, ¶ 37. While the trial court is not required to give reasons explaining these

findings, it must be clear from the record that the court engaged in the required sentencing analysis and made the requisite findings. *Smith* at ¶ 8.

{¶ 42} The record clearly indicates that the trial court's sentence was within the statutory range and supported by the required considerations of R.C. 2929.11 and 2929.12. Moreover, the trial court made consecutive sentence findings at the sentencing hearing when it imposed the seven-year sentence as well as in its judgment entry of sentence. The trial court specifically found that consecutive sentence findings were necessary to protect the public from future crime, as well as to punish Mize for his crimes. The trial court also determined that the consecutive sentences were not disproportionate to the seriousness of Mize's conduct and danger he posed to the public given his criminal history.

{¶ 43} These findings are supported by the record. Mize had a history of criminal conduct and committed aggravated robbery soon after he was released from prison where he served time for a prior robbery conviction. Mize robbed banks, intimating that he had a gun during the robberies, and was convicted for another bank robbery in a different county while still on community control from his previous conviction. Mize admitted to his repeated conduct and indicated that his pattern of robbing banks would have continued. After reviewing the record, we find the trial court's sentence was proper where it made the required statutory findings, sentenced Mize within the proper range, and the findings are supported by the record. Mize's second assignment of error is overruled.

{¶ 44} Assignment of Error No. 3:

{¶ 45} THE TRIAL COURT ERRED BY NOT GIVING APPELLANT PROPER NOTICE OF WHAT A VIOLATION OF HIS TERM OF COMMUNITY CONTROL WOULD ENTAIL.

{¶ 46} Mize argues in his third assignment of error that the trial court failed to inform him of the consequences of violating the terms of his community control.

{¶ 47}   A trial court must, at the time of sentencing, notify the defendant of the specific prison term that may be imposed for a violation of community control sanctions.  R.C. 2929.19 and 2929.15.  If the offender then violates community control, the imposed term shall not exceed the prison term specified by the trial court at the sentencing hearing.  R.C. 2929.15.

{¶ 48}   Mize argues that his sentence exceeded the term addressed by the trial court at the original sentencing hearing because once the terms were run consecutively, he was sentenced to 12 years but was told he would only face eight years.  The record indicates that Mize was sentenced to five years for the conviction in Hamilton County.  While it is true that Mize's aggregate prison sentence is now 12 years given the seven-year sentence running consecutive to the Hamilton County sentence of five years, such is not violative of R.C. 2929.15.  Instead, the trial court very clearly indicated that should Mize violate the terms of his community control, he would serve "eight years in prison consecutive to the seven years you've served."  During the hearing after Mize violated the terms of his community control the first time, the trial court allowed him to stay on community control and stated, "if this doesn't work out or if you violate any of the other conditions, I am going to revoke your community control and I'm going to sentence you to eight years in the Ohio Department of Rehabilitation and Corrections."

{¶ 49}   The trial court clearly informed Mize of the sanction he would face should he violate the terms of his community control.  While Mize claims that the trial court had an obligation to warn him that any sentence would be imposed consecutively to any other sentence, the trial court was under no such obligation.  The trial court had no idea that Mize would commit a crime in another jurisdiction and be sentenced to serve an additional prison term for a separate crime.  Thus, there is no violation of the statutory notification requirement set forth in R.C. 2929.15, especially where the trial court notified Mize of an eight-year term

and actually sentenced him to seven years.

{¶ 50} Mize next argues that the trial court erred by failing to advise him in 2008 that he would be subject to postrelease control for his second robbery charge for which he was sentenced to community control. However, the requirement regarding postrelease control includes the prerequisite of release, which coincides only with a prison sentence, rather than imposition of community control. For that reason, if a court chooses to impose community control sanctions as an initial sentence, it need not inform the offender of postrelease control. *State v. Hardy*, 5th Dist. Fairfield No. 17 CA 11, 2017-Ohio-9208. However, the trial court must provide the postrelease notifications at the time of revocation of community control and imposition of a prison sentence. *Id.*; *State v. Robinson*, 1st Dist. Hamilton No. C-150602, 2016-Ohio-5114.

{¶ 51} The record indicates that the trial court specifically discussed postrelease control with Mize at sentencing once the trial court revoked Mize's community control, including what sanctions he would face should he violate the terms. As such, the trial court complied with this duty to notify Mize of postrelease control terms. Mize's final assignment of error is overruled.

{¶ 52} Judgment affirmed.

S. POWELL, P.J., concurs separately.

**S. POWELL, P.J., concurring separately.**

{¶ 53} I concur in the majority opinion in whole but write separately to make the following four points. I do so to respond to the state's invitation to revisit and overrule *State v. Ervin*, 12th Dist. Butler No. CA2016-04-079, 2017-Ohio-1491 ("*Ervin I*") and to respond to the dissent herein.

{¶ 54} First, Mize has not challenged the consecutive community control sanction, but

rather the CBCF sanction therein under the Ohio Supreme Court's decision in *State v. Paige*, 153 Ohio St.3d 214, 2018-Ohio-813. To that extent, the dissent answers a question not raised by Mize, and thereby beyond our purview in answering the assignments of error properly before this court. Although it generally goes without saying, it is well-established that it is not this court's duty to "root out" arguments that can support an assignment of error, nor will this court "conjure up questions never squarely asked * * *." *State v. Fields*, 12th Dist. Brown No. CA2009-05-018, 2009-Ohio-6921, ¶ 7.

{¶ 55} Second, to the extent that the majority opinion of *State v. Ervin*, 12th Dist. Butler No. CA2017-06-084, 2018-Ohio-1359 ("*Ervin II*"), may have ratified or adopted the rationale or holding in *Ervin I*, my concurrence therein was in error and in hindsight I should have concurred in judgement only.

{¶ 56} Third, the dissent herein asserts, as did footnote 2 in *Ervin II*, that the Ohio Supreme Court's decision in *Paige* held that a community control sanction on one offense must be concurrent with a prison sanction on another offense. I see no such statement in *Paige*. Rather, I see only an affirmance of a 42-month prison term on one offense and an affirmance of a concurrent five-year community control term on another offense, with a vacation of the CBCF condition in the community control sanction.

{¶ 57} *Paige* also does not stand for the proposition that a community control sanction may follow a prison sanction. Rather, it is clear that the community control sanction in *Paige* was stated by the trial court to be *concurrent*. It is also clear that the five-year community control term imposed meant that it would, in part, *follow* the 42-month prison sanction. Simply stated, *Paige* merely stands for the proposition that a separate sanction may be imposed for each offense. The dissent's claim that *Paige* stands for something more, improperly broadens to the Ohio Supreme Court's otherwise narrow holding in that case.

**{¶ 58}** *Paige* plainly indicates that imprisonment may be imposed for one offense, whereas community control may be imposed for another. Unfortunately, *Paige* does not address the concurrent or consecutive question of community control sanctions imposed at the same time as prison sanctions. The Ohio Supreme Court accepted the certified conflict generated by the Fifth District Court of Appeal's decision in *State v. Hitchcock*, 5th Dist. No. 16-CA-41, 2017-Ohio-8255, with our decision in *Ervin I.*[4]

**{¶ 59}** Fourth, and following on my remarks above, I find the entire discussion on concurrent or consecutive to be superfluous. The majority in *Ervin I* holds that there is no statutory authority to sentence a defendant to a consecutive community control term. I agree. There is no such statutory authority. But, there is also no statutory authority to sentence a defendant to a concurrent community control term. Yet, the Ohio Supreme Court affirmed that very sentence in *Paige*. The "silence means concurrent" case law and statutory authority are applicable to terms of imprisonment, not to community control sanctions in this analysis.

**{¶ 60}** Two statutes address the execution of imposed sentences. R.C. 2929.15(A) as enacted in 1996 and R.C. 2957.01 as amended in 2004 from a probation tolling statute to a community control tolling statute. Mize's convictions occurred in 2008. The amended version of R.C. 2951.07 is therefore fully applicable, as is R.C. 2929.15(A). Both statutes are written in the conjunctive "or." R.C. 2951.07 plainly states after the "or" that "[i]f an offender under community control * * * is confined in *any institution* for the commission of any offense, the period of community control ceases to run until the time that the offender is brought before the court for its further action," whereas the portion of R.C. 2929.15(A) pertinent here plainly states after the "or" that "if the offender is confined in any institution for the

---

4. *Ervin I* was not appealed to the Ohio Supreme Court. Our holding in *Ervin I* will therefore remain the law of the case for appellant therein.

*commission of any offense while under a community control sanction* the period of the community control sanction ceases to run until the offender is brought before the court for its further action." (Emphasis added.) R.C. 2951.07 would cover all confinement during community control, while R.C. 2929.15(A) would only cover confinement imposed for the commission of any offense while under community control.

{¶ 61} The dissent argues R.C. 2951.07 only applies to violations of the instant community control. I do not read the statute to be limited in that way. Rather, I read the statute to toll community control during all confinement, whether that confinement is imposed before, after, or contemporaneously with the community control sanction. Under my reading of this statute, trial courts need not say "concurrent" or "consecutive." To do so is superfluous in that R.C. 2951.07 tolls the imposed community control term the instant the offender begins his or her prison sentence and recommences when he or she is returned from prison. It matters not if the tolling begins simultaneous with the commencement of the community control term.

{¶ 62} The legislature limited tolling of community control sanctions to subsequent offense confinement in their 1996 enactment of R.C. 2929.15(A). In 2004, the legislature amended R.C. 2951.07 from a probation tolling statute to a community control tolling statute for any confinement offense. Ejusdem generis aside, R.C. 1.52 requires this court to harmonize statutory amendments with existing statutes. There is no need to engage in literary gymnastics to conclude that the latter in time R.C. 2951.07 can be harmonized with R.C. 2929.15(A) so that any confinement tolls any community control until the offender can be brought back before the trial court. The dissent believes that ejusdem generis dictates that R.C. 2951.07 should be read in a manner that the language at the beginning of the second sentence conjoins the language at the end of the second sentence. This misses the importance of the separating nature of the word "or."

{¶ 63} Concluding on my fourth point, I believe the majority in this court's decision in *Ervin I* should have merely vacated the "consecutive" portion of the properly imposed and separate community control terms on counts 11 and 12. The trial court in *Ervin I* properly imposed the mandatory three-year prison sanction for the firearm specification. The trial court then properly imposed permissible community control sanctions on counts 11 and 12. The offending portion of that sentence to the *Ervin I* court, and the dissent herein, was the "consecutive" imposition of community control. Therefore, as the Ohio Supreme Court did in *Paige*, the *Ervin I* court should have vacated the offending part of that sanction, the word "consecutive" and left the community control sanctions in place.

{¶ 64} Additionally, in applying the Ohio Supreme Court's decision in *Paige*, it is clear that a trial court may impose either a prison sanction or a community control sanction for each offense. The *Ervin I* court would say that when there is a firearm specification mandating the imposition of a three-year prison term that the trial court must impose prison on the predicate offense(s) because they did not just strike the consecutive part of the sanction, they struck the whole sanction. I see no statutory authority for such a conclusion. It is as if the *Ervin I* court viewed the sentence imposed in that case as a sentencing package, whereas *Paige* clearly states that Ohio is not a sentencing package state.

{¶ 65} In summary, I find the Ohio Supreme Court's decision in *Paige* is fully applicable to the case at bar, that Mize was properly sentenced to a prison term on one offense and a community control term on the other offense, and that the "consecutive" portion of the community control term should be vacated as superfluous because it was tolled in accordance with the plain language of R.C. 2951.07. Yet, in reviewing Mize's appellate brief, that argument was never raised by Mize as part of this appeal. That question is therefore beyond our purview and need not be decided in answering the assignments of error properly before this court.

{¶ 66} In reaching this decision, it should be noted that I would not overturn our holding in *Ervin I*, at this time, since that question is pending before the Ohio Supreme Court on conflict with the Fifth District's holding in *Hitchcock*. Nor would I support considering Mize en banc since it does not raise the question in *Ervin I*, but rather and only the question in *Paige*. As to *Ervin I*, each of this court's judges' opinions have been expressed in the majority decision in this case, in my separate concurrence here, in the unanimous opinion in this court's decision in *Ervin I*, and in the majority and dissent in *Ervin II*. To consider this case en banc is improper because we have not overruled *Ervin I* explicitly or implicitly. Further, en banc consideration would not add to the dialogue for the Ohio Supreme Court to consider and would arguably interfere with the jurisdiction of the Ohio Supreme Court in deciding this issue in *Hitchcock*.

{¶ 67} With all due respect to and for my colleagues, I hereby separately concur.

RINGLAND, J., dissents.

**RINGLAND, J., dissenting.**

{¶ 68} I respectfully dissent from the majority's decision in resolution of the first assignment of error. This court's decision in *State v. Ervin*, 12th Dist. Butler No. CA2016-04-079, 2017-Ohio-1491, provides the appropriate legal precedent in this case and principles of stare decisis should resolve this matter accordingly.

{¶ 69} The issue before this court is whether the trial court was authorized to impose a five-year community control sanction on one count to be served consecutive to a seven-year prison term on another count. This court in *Ervin* found "there is no statutory authority for the imposition of community control sanctions to be served consecutive to, or following the completion of, a prison or jail term or other sentence of imprisonment." *Id.* at ¶ 23. Pursuant to this court's precedent in *Ervin*, this court should find that the trial court did not

have authority to impose Mize's community control sanction consecutive to his prison term. Therefore, Mize's first assignment of error should be sustained.

{¶ 70} The majority's decision in this case will cause unfortunate confusion, as this case is not legally distinguishable from *Ervin*. As noted above, under *Ervin*, a trial court *cannot* impose a community control sanction consecutive to sentence of imprisonment. *Ervin* at ¶ 23. However, under the majority opinion, a trial court *may* impose a community control sanction consecutive to a sentence of imprisonment. *See supra* at ¶ 2, 30-31.

{¶ 71} The issue of whether a trial court may impose a community control sanction consecutive to a prison term is subject to reasonable dispute in Ohio. In fact, the issue is currently pending before the Supreme Court in *State v. Hitchcock*, 5th Dist. Fairfield No. 16-CA-41, 2017-Ohio-8255, certification of conflict granted, 2018-Ohio-723. In *Hitchcock*, the Fifth District certified the following question: "[w]hether a trial court may impose a term of residential or nonresidential community control sanctions on one felony count, to be served consecutively to a term of imprisonment imposed on another count." The Eighth District in *State v. Anderson*, 8th Dist. Cuyahoga No. 102427, 2016-Ohio-7044, and this court's decision in *Ervin* answer that question in the negative. The Fifth District in *Hitchcock* and this court's decision herein answer that question in the affirmative.

**This court's rationale in *State v. Ervin***

{¶ 72} This court's rationale in *Ervin* was premised on a reconsideration of statutory sentencing authority. Previously, this court, and other courts throughout the state, resolved sentencing authority cases on the basis that, if R.C. Chapter 2929 does not prohibit the imposition of the sentence, then the sentence is authorized by law. *Ervin* at ¶ 13, citing *State v. Leedy*, 4th Dist. Meigs Nos. 13CA7 and 13CA8, 2015-Ohio-1718, ¶ 9.

{¶ 73} However, in *State v. Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2089, the Ohio

Supreme Court held that "'the only sentence which a trial judge may impose is that provided for by statute * * *.'" *Id.* at ¶ 12, citing *State v. Beasley*, 14 Ohio St.3d 74, 75 (1984). In a well-written opinion by the Eighth District, the court appropriately noted that "appellate courts had all too often flipped that proposition of law on its head and affirmed sentences under the rationale that the legislature had not specifically precluded the imposed sentence." *Anderson*, 2016-Ohio-7044 at ¶ 7. This court agreed with that proposition in *Ervin* and stated "[w]hile prior cases resolved such issues on the basis that the legislature had not specifically precluded the sentence, the Ohio Supreme Court's decision in *Anderson* made clear that such reasoning is in error. Instead, sentencing decisions must be based on a specific grant of legislative authority." *Ervin* at ¶ 15.

{¶ 74} With that framework in mind, this court addressed the facts of the case, including that: (1) Ervin was incarcerated because she violated community control sanctions on two convictions for complicity to felonious assault, (2) the community control sanctions were ordered consecutive to a prison term based on a firearm specification, and (3) the issue before the court was whether the legislature authorized the trial court to impose those community control sanctions consecutive to the prison term. *Id.* at ¶ 18.

{¶ 75} Following a review of the sentencing statutes, this court determined that there was no authority to impose community control sanctions consecutive to a prison term. *Id.* at ¶ 23. As there was no sentencing statute to supply the necessary authority, this court found the trial court was "without authority to impose consecutive community control sanctions following the prison term imposed." *Id.*

{¶ 76} Thus, *Ervin* holds that: (1) sentencing decisions must be based on a specific grant of legislative authority, and (2) "there is no statutory authority for the imposition of community control sanctions to be served consecutive to, or following the completion of, a prison or jail term or other sentence of imprisonment." *Id.* at ¶ 23.

{¶ 77} The majority attempts to distinguish this court's precedent in *Ervin* by noting that *Ervin* involved a firearm specification with mandatory imprisonment along with a sentence of community control for the felony to which the firearm specification attached. *Supra* at ¶ 11. That technical distinction, however, is incomplete, as Ervin pled guilty and was sentenced on two counts of felonious assault. *Ervin* at ¶ 2. Though one of Ervin's convictions did include a specification, the other count did not. *Id.* Thus, in both this case and *Ervin*, the offender had two different convictions on two separate charges.[5]

## Developments under *State v. Paige*

{¶ 78} Furthermore, I believe the majority's reliance on *State v. Paige*, 153 Ohio St.3d 214, 2018-Ohio-813, is misplaced. In *Paige*, the defendant was sentenced on two counts. *Id.* at ¶ 3. On Count One for sexual battery, Paige received a prison term of three and one-half years. *Id.* On Count Two for domestic violence, Paige was sentenced to five years of community control. *Id.* The terms were ordered to be served concurrently. *Id.* at ¶ 9. However, the trial court included a condition of community control that, upon his release from prison, Paige was to return to the county jail and be transferred to a community-based-correctional-facility (CBCF).[6] *Id.* at ¶ 3.

{¶ 79} The Supreme Court in *Paige* found it permissible to impose a prison term on one count and a community control sanction on a separate count. Significantly, *Paige* involved a concurrent, as opposed to a consecutive, term of community control. *Id.* at ¶ 14. Therefore, even though Paige was subject to community control following his release from

---

5. Moreover, I do not believe this technical distinction (i.e., specification or charge) is of any consequence because this court's holding in *Ervin* was related to community control sanctions and "prison or jail term[s] or other sentence[s] of imprisonment." The fact that a prison term was imposed on a specification, as opposed to an offense, would be of no consequence.

6. The majority's analysis as to improper "split sentences" or "sentencing packages" is irrelevant in this instance, as it is clear that the trial court appropriately considered each conviction separately. The trial court did not impose Mize's prison sentence and community control sanction for a single felony offense. *Paige* at ¶ 6.

prison, his sentence was still authorized by law. *Id.* However, contrary to the suggestion in the majority, *Paige* should not be understood for the proposition that community control for one offense may be ordered to be served consecutively to a prison term on another offense because the supreme court was not confronted with that situation. *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 11 ("a case where the question might have been raised, is entitled to no consideration whatever as settling * * * a question not passed upon or raised at the time of the adjudication"). *Paige*, involving a concurrent community control sentence, is not controlling as to the propriety of a consecutive community control sentence. Additionally, the issue of the propriety of a consecutive term of community control is pending before the Ohio Supreme Court in *Hitchcock*. If *Paige* had settled the issue, the supreme court would not have accepted the certified conflict question.

{¶ 80} Furthermore, the result in *Paige* is consistent with this court's decision in *Ervin* and the Eighth District's decision in *Anderson* because the concern in those cases involved the statutory sentencing authority of trial courts. *Ervin* at ¶ 17-18; *Anderson*, 2016-Ohio-7044 at ¶ 12 ("[t]he legislature must provide the trial court with authority to impose community control sanctions to be served consecutive to a prison term imposed on a separate felony count"). As noted in *Ervin*, the relevant inquiry in determining sentencing authority now is "whether the trial court is expressly authorized by statute to impose the sentence, as opposed to whether the sentence is expressly prohibited by statute." *Ervin* at ¶ 17. As noted above, this court in *Ervin* held that there was no authority to impose a community control sanction consecutive to a prison term. *Id.* at ¶ 23.

{¶ 81} Though *Paige* approves concurrent sentences of prison and community control, the Court's analysis went deeper to strike an offending portion of Paige's community control sanction. As indicated before, following his release from prison, Paige, as a condition of his community control, was to be transferred to a CBCF. *Paige* at ¶ 11. The Court found

that the CBCF condition was improper because CBCF is a "sentence of imprisonment under R.C. 2929.41(A)." *Id.* at ¶ 12. The Court, citing the Eighth District's opinion in *Anderson*, found that "none of the statutory exceptions in R.C. 2929.41(A) apply to permit the CBCF term to run consecutively to the prison term imposed on the sexual-battery count." Therefore, the Court found that the CBCF condition was improper. *Id.* at ¶ 13. However, because the CBCF condition could be vacated without disturbing the otherwise permissible community control sanction, the Court found it proper to vacate the CBCF condition, but leave the lawful community control sanction intact. *Id.* at ¶ 14.

{¶ 82} Therefore, *Paige* can be understood for the proposition that a trial court has authority to sentence an offender to a prison term on one count and community control on a separate count, provided those terms are ordered concurrent. *Id.* at ¶ 14. A condition of community control, however, that amounts to a consecutive "sentence of imprisonment," such as CBCF, is improper and may be excised from a permissible, concurrent community control sanction. *Id.* at ¶ 13.

### R.C. 2951.07

{¶ 83} Finally, any reliance on R.C. 2951.07 to support the trial court's authority to impose consecutive community control sanctions would be misplaced. R.C. 2951.07 addresses how a sentence is executed, not whether the trial court has the necessary sentencing authority.

{¶ 84} Pursuant to R.C. 2951.07:

> A community control sanction continues for the period that the judge or magistrate determines and, subject to the five-year limit specified in section 2929.15 or 2929.25 of the Revised Code, may be extended. *If the offender under community control absconds or otherwise leaves the jurisdiction of the court without permission from the probation officer, the probation agency, or the court to do so, or if the offender is confined in any institution for the commission of any offense, the period of community control ceases to run until the time that the offender is brought*

*before the court for its further action.*

(Emphasis added.) The plain language of the statute instructs that the provision applies only to offenders "under community control," who abscond, leave, or are "confined in any institution for the commission of any offense." If the offender is not under community control at the time he absconds, leaves, or is confined for the commission of any offense, the tolling statute does not apply.

{¶ 85} Arguments to the contrary are subject to several inherent flaws. For sake of argument, consider the possibility that the second sentence of R.C. 2951.07 acts as a legislative grant of authority to order community control sanctions consecutive to a term of imprisonment. The argument would then follow that the community control period would cease while the offender was confined, and therefore operate, for all intents and purposes, as a community control sanction consecutive to a prison term, which this court found to be prohibited in *Ervin.*

{¶ 86} However, if R.C. 2951.07 is interpreted as a general grant of sentencing authority, we would cause "inextricable conflicts" with other statutory provisions and be in conflict with the legal maxim of ejusdem generis. *See Anderson*, 2016-Ohio-7044 at ¶ 25.

{¶ 87} For instance, R.C. 2929.15(A)(1) is a specific grant of authority to impose community control following an offender's release from a prison term imposed on a felony OVI conviction. However, if R.C. 2951.07 already provides such authority in general, then the language in R.C. 2929.15(A)(1) would be superfluous, as the general grant of authority would subsume the more limited grant of authority with respect to OVI felony sentencing. *State v. Polus*, 145 Ohio St.3d 266, 2016-Ohio-655, ¶ 12 ("[n]o part [of a statute] should be treated as superfluous unless that is manifestly required, and the court should avoid that construction which renders a provision meaningless or inoperative").

{¶ 88} In addition, construing the language in R.C. 2951.07 as authorizing a general

- 27 -

grant of authority in sentencing would violate the legal maxim of ejusdem generis.

> Under the rule of ejusdem generis, where in a statute terms are first used which are confined to a particular class of objects having well-known and definite features and characteristics, and then afterwards a term having perhaps a broader signification is conjoined, such latter term is, as indicative of legislative intent, to be considered as embracing only things of a similar character as those comprehended by the preceding limited and confined terms.

*State v. Aspell*, 10 Ohio St.2d 1 (1967), paragraph two of the syllabus. Here, the legislature provided three tolling circumstances for when an offender is under community control: (1) absconding, (2) otherwise leaving the jurisdiction, or (3) being confined in any institution for the commission of any offense. Thus, community control will toll if the offender absconds or leaves the jurisdiction and, as this case demonstrates, invites analysis into the meaning of "confined in any institution for the commission of any offense." Though the confinement language may lend itself to a broader meaning, we should be mindful of the maxim of ejusdem generis, which prohibits any broader construction. Thus, consistent with that maxim, in order for a community control sanction to be tolled, the offender must be: (1) under community control, and (2) have committed a subsequent offense. The tolling period would continue "until the time that the offender is brought before the court for further action." R.C. 2951.07.

{¶ 89} Finally, the statutory authority for imposing community control sanctions already contains a specific tolling provision. Pursuant to R.C. 2929.15(A):

> The duration of all community control sanctions imposed upon an offender under this division shall not exceed five years. If the offender absconds or otherwise leaves the jurisdiction of the court in which the offender resides without obtaining permission from the court or the offender's probation officer to leave the jurisdiction of the court, *or if the offender is confined in any institution for the commission of any offense while under a community control sanction*, the period of the community control sanction ceases to run until the offender is brought before the court for its further action.

- 28 -

(Emphasis added.) Thus, R.C. 2929.15(A) makes clear that the period of community control is tolled for confinement in an institution only when the confinement is a consequence of the "commission of any offense *while under a community control sanction.*" R.C. 2929.15(A) does not operate to toll the period of community control imposed contemporaneously with a prison term for a separate offense if the offender was not under a community control sanction at the time of the commission of the offense.

{¶ 90} Finally, R.C. 2951.07 is subject to R.C. 2929.15(A) by providing it is "subject to the five-year limit specified in section 2929.15." The "five-year limit" specified in R.C. 2929.15 necessarily includes any tolling of the period of community control provided for in R.C. 2929.15. As stated above, R.C. 2929.15 tolls the period of community control for confinement in an institution only where the confinement results from "the commission of any offense while under a community control sanction." Because of this limitation, R.C. 2951.07 can permit no greater tolling of the period of community control than R.C. 2929.15. Thus, community control imposed for an offense committed prior to an offender being placed on community control is not tolled for confinement resulting from that offense.

{¶ 91} As a result, R.C. 2951.07 should not be interpreted as authorization for a trial court to impose community control sanctions consecutive to a prison term. Doing so would render specific provisions in R.C. 2929.15(A) contradictory, superfluous, and in violation of ejusdem generis. R.C. 2951.07 is a statute that guides courts on the execution of community control sanctions when the three listed actions occur, not a grant of statutory sentencing authority.

**Conclusion**

{¶ 92} This court in *Ervin* found "there is no statutory authority for the imposition of community control sanctions to be served consecutive to, or following the completion of, a

prison or jail term or other sentence of imprisonment." *Id.* at ¶ 23. Pursuant to the precedent in *Ervin*, this court should find that the trial court did not have authority to impose Mize's community control sanction consecutive to his prison term.

{¶ 93} The Ohio Supreme Court's decision in *Paige* does not involve the same sentencing situation as in present in this case. The issue in this case is currently pending before the Supreme Court in *Hitchcock*. As previously noted, the question pending before the Court is "[w]hether a trial court may impose a term of residential or nonresidential community control sanctions on one felony count, to be served consecutively to a term of imprisonment imposed on another count." This court's decision in *Ervin* answered that certified question unanimously in the negative. This court's decision in *Mize* answers the certified question in the affirmative. Furthermore, I believe any reliance on R.C. 2951.07 would be misplaced, as that provision merely addresses how a sentence is executed, not whether the trial court has the necessary sentencing authority. Reliance thereon would render several provisions of R.C. 2929.15(A) superfluous and would be in violation of a well-established legal maxim.

{¶ 94} As a result, I must dissent as to the majority's resolution of the first assignment of error. Therefore, with regard and respect for my colleagues in the majority, I dissent.[7]

---

7. Because my preferred resolution of the first assignment of error would be dispositive to the remaining assignments of error, I decline to address resolution of those issues.