[Cite as *State v. Phillips*, 2018-Ohio-4555.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2018-03-029 |
| | : | O P I N I O N |
| - vs - | | 11/13/2018 |
| | : | |
| GREGORY SCOTT PHILLIPS, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 16CR32465

David P. Fornshell, Warren County Prosecuting Attorney, Kirsten A. Brandt, 520 Justice Drive, Lebanon, Ohio 45036, for plaintiff-appellee

Timothy J. McKenna, 125 East Court Street, Suite 950, Cincinnati, Ohio 45202, for defendant-appellant

**PIPER, J.**

{¶ 1} Defendant-appellant, Gregory Phillips, appeals the consecutive nature of his prison sentence as imposed by the Warren County Court of Common Pleas.

{¶ 2} Phillips pled guilty to two counts of violating a protection order and was sentenced to community control for three years. Phillips later violated the terms of his community control twice, and the trial court continued Phillips on community control in both

instances. However, after a third violation, the trial court imposed a 90-day sentence for each count and ordered the sentences to run consecutively. Phillips now appeals the consecutive nature of his sentence, raising the following assignment of error:

{¶ 3} THE TRIAL COURT FAILED TO MAKE THE NECESSARY FINDINGS IN IMPOSING CONSECUTIVE SENTENCES.

{¶ 4} Phillips argues in his assignment of error that the trial court failed to make requisite findings before ordering his sentences consecutively.

{¶ 5} Pursuant to R.C. 2929.14(C)(4), a trial court must engage in a three-step analysis and make certain findings before imposing consecutive sentences. *State v. Smith*, 12th Dist. Clermont No. CA2014-07-054, 2015-Ohio-1093, ¶ 7. Specifically, the trial court must find that (1) the consecutive sentence is necessary to protect the public from future crime or to punish the offender, (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and (3) that one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4)(a)-(c).

{¶ 6} "In order to impose consecutive terms of imprisonment, a trial court is required

to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry." *State v. Bonnell*, 140 Ohio St. 3d 209, 2014-Ohio-3177, ¶ 37. This court has repeatedly determined that a trial court is required to make the necessary statutory findings when it *actually imposes* a consecutive prison term, not when it sentences a defendant to community control. *State v. Mize*, 12th Dist. Butler No. CA2017-11-159, 2018-Ohio-3848, ¶ 36.

{¶ 7} While the trial court is not required to give reasons explaining the consecutive sentence findings, it must be clear from the record that the court engaged in the required sentencing analysis and made the requisite findings. *Smith* at ¶ 8. Moreover, "a word-for-word recitation of the language of the statute is not required, and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Bonnell* at ¶ 29. In other words, "a talismanic incantation of the words in the statute" is not required to affirm consecutive sentences as long as the necessary findings are properly made. *State v. Lee*, 12th Dist. Butler No. CA2014-03-076, 2015-Ohio-1760, ¶ 12.

{¶ 8} After Phillips violated the terms of his community control for the third time, the trial court revoked community control and imposed a prison sentence. During the revocation of community control hearing, the trial court sentenced Phillips and made specific findings before ordering Phillips' sentences to run consecutively.

{¶ 9} The trial court specifically found that consecutive sentences were necessary to punish Phillips and to protect the public, thus fulfilling the first statutory requirement. The trial court also found that the consecutive nature of the sentences was not disproportionate to Phillips' conduct or the danger Phillips posed, which satisfied the second requirement. The trial court then found that Phillips' criminal history demonstrated the need for consecutive sentences to protect the public, thus fulfilling R.C. 2929.14(C)(4)(c). These same findings

were also included in the trial court's sentencing entry.

{¶ 10} While the trial court's language was not word-for-word the same as that used in the relevant statute, it need not be. We find that the trial court's findings are sufficient to clearly demonstrate the trial court engaged in the required sentencing analysis before it made the requisite findings. Upon review, this court is also able to determine that the record contains evidence to support the trial court's findings. Thus, the trial court appropriately made the consecutive sentence findings, and Phillips' single assignment of error is overruled.

{¶ 11} Judgment affirmed.

S. POWELL, P.J., and M. POWELL, J., concur.